1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICKIE L. HILL,

      Petitioner,

vs.

RENEE BAKER, *et al.*,

      Respondents.

Case No. 3:14-cv-00680-RCJ-WGC

**ORDER**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed *in forma pauperis* (ECF #1) is granted.

Petitioner has filed a motion to stay proceedings (ECF #3). He indicates that he has filed this petition as a protective federal petition while his state-court postconviction proceedings conclude.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.
> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for

the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In *Pace v. DiGuglielmo*, 544 U.S. 416, the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. In this regard, petitioner's *pro se* federal petition (ECF #1-1) was appropriately filed as a protective petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Specifically, the Nevada Supreme Court remanded petitioner's state postconviction petition and directed the district court to conduct an evidentiary hearing as to whether petitioner can demonstrate good cause to excuse his delay in filing that state petition. *See* Nevada Supreme Court Case No. 58154. The appeal of the state district court order denying the petition after remand is currently pending before the Nevada Supreme Court. *See* Nevada Supreme Court Case No. 66937. Because the resolution of petitioner's pending state

postconviction habeas petition may have several effects on the instant case, a stay and abeyance of this federal habeas corpus proceeding is appropriate.  Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test.  Finally, there is no indication that petitioner engaged in dilatory litigation tactics.  This court concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file the petition (ECF #1-1).

**IT IS FURTHER ORDERED** that petitioner's motion for stay (ECF #3) is **GRANTED**.  This action is **STAYED** pending the resolution of petitioner's state post-conviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the post-conviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.**

DATED: This 11th day of February, 2015

UNITED STATES DISTRICT JUDGE