UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICKIE L. HILL,<br><br>               Petitioner,<br>v.<br>RENEE BAKER, et al.,<br><br>               Respondents. | Case No. 3:14-cv-00680-RCJ-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss several grounds from petitioner Rickie L. Hill's petition (ECF No. 15). Hill opposed (ECF No. 53), and respondents replied (ECF No. 55).

**I.     Procedural History and Background**

On April 7, 2005, a jury convicted Hill of counts 1 and 2: sexual assault; count 3: first-degree kidnapping; counts 4 and 5: open or gross lewdness; count 6: indecent exposure; and count 7 bribing or intimidating a witness to influence testimony (exhibit 36).[1] The state district court sentenced Hill as follows – counts 1 and 2: concurrent terms of life with the possibility of parole after 10 years; count 3: life with the possibility of parole after 10 years, consecutive to count 2; count 4: one year in the Clark County Detention Center (CCDC), concurrent with count 3; count 5: one year in CCDC, concurrent with count 4; count 6: life with the possibility of parole after 10 years, consecutive to count 5; and count 7: life with the possibility of parole after 10 years,

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 15, and are found at ECF Nos. 16-20.

1

consecutive to count 6, with 1,095 days' credit for time served.  Exh. 39.  Judgment of conviction was filed on July 8, 2005.  *Id*.

The Nevada Supreme Court affirmed the convictions on February 13, 2007.  Exh. 53.  Hill filed a *pro se* state postconviction petition.  Exh. 56.  On September 3, 2009, the Nevada Supreme Court reversed the state district court's denial of the petition and remanded with instructions that the district court consider the procedural time bar.  Exh. 80.  On March 10, 2011, the state district court dismissed the petition as time-barred.  Exh. 92.  On January 16, 2013, the Nevada Supreme Court issued an order affirming in part, reversing in part, and remanding to the district court to conduct an evidentiary hearing on whether Hill could demonstrate good cause to excuse the procedural default.  Exh. 122.

On April 9, 2013, the state district court conducted an evidentiary hearing.  Exh. 126.  On August 27, 2013, the court issued an order finding that the Hill established good cause to overcome the procedural time bar because his attorney failed to properly notify him that his appeal had been denied.  Exh. 128.  Thereafter, the court conducted an evidentiary hearing on the merits of the petition.  Exh. 135.  The court denied the petition on November 17, 2014.  Exh. 137.

While his state postconviction proceedings were ongoing, Hill dispatched his federal habeas petition for mailing on December 18, 2014 (ECF No. 5).  He also filed a motion to stay proceedings pending the completion of his state-court litigation, which this court granted (ECF Nos. 3, 4).  This court granted Hill's motion to reopen this case on April 12, 2017 (ECF No. 10).  Respondents now move to dismiss several grounds in the petition as unexhausted, conclusory or noncognizable (ECF No. 15).

II.     **Legal Standards and Analysis**

**A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state

courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The

3

exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits).

Turning to Hill's federal petition, he asserts in ground 1 that the trial court erred when it admitted into evidence an extremely prejudicial letter in violation of his Fourteenth Amendment due process and fair trial rights (ECF No. 11, p. 3). Hill did not raise this federal constitutional claim on direct appeal or on appeal of the denial of his state postconviction petition. *See* exhs. 47, 146. Accordingly, ground 1 is unexhausted.

Next, respondents argue that grounds 2, 3(a), 3(b), 4, 5, 6(a), 6(b), 6(c), 6(d), 6(e), 6(f), 6(g), 6(j), 7, 8(a), 8(b), 8(c), 9, 10(a), 10(b), 10(c), 10(d), 11, 12(a), and 12(b) (ECF No. 11, pp. 5-31)[2] are unexhausted because they were not fairly presented to the Nevada Supreme Court (ECF No. 15, pp. 8-10). They point out that Hill simply listed these claims as single-sentence issue statements without including any factual allegations, legal standards or argument, which was a procedurally improper manner to

---

[2] Hill's petition does not contain claims numbered 6(h) or 6(i) (*see* ECF No. 11, pp. 18-19).

4

present these claims to the state supreme court. *Id.*; exhs. 146, 154; *see also* NRAP 28(a). The Nevada Supreme Court has explained that "[c]ontentions unsupported by specific argument or authority should be summarily rejected on appeal." *Mazzan v. Warden*, 993 P.2d 25, 42 (Nev. 2000); *see also Maresca v. State*, 748 P.2d 3, 6 (Nev. 1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

In its order affirming the denial of Hill's state postconviction petition, the Nevada Supreme Court addressed the merits of his numerous claims of ineffective assistance of trial and appellate counsel. Exh. 154, pp. 2-10. The court then stated:

> Appellant next argues that the district court erred in denying the claims he raised in his pro se supplements. Appellant lists 26 single-issue statements without alleging any facts, citing any law, or making an argument. We decline to address these claims. *See Maresca v. State*, 748 P.2d 3, 6 (1987).

*Id.* at 10. In Hill's opposition to the motion to dismiss, he mainly argues the merits of his claims; he does not address the question of exhaustion (ECF No. 53). This court agrees that these federal grounds were not fairly presented to the Nevada Supreme Court and, therefore, are unexhausted.

**B. Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Hill asserts the following, without any further elaboration: ground 6(f) – trial counsel failed to personally contact and interview the alleged victim; ground 10(b) – trial court erred by reinstating itself to petitioner's case after recusing; ground 10(c) – trial court erred by giving trial counsel insufficient time to prepare for trial; and ground 10(d) - trial

5

court erred by allowing the corrupt Detective Boucher to take the stand (ECF No. 11, pp. 18, 30). Respondents argue that these single sentence claims with no facts or argument should be dismissed as conclusory (ECF No. 15, p. 10). Respondents are correct that these vague claims are wholly unsupported by specific factual allegations. Therefore, these grounds are dismissed as vague and conclusory.

### C. Cumulative Error of Ineffective Assistance of Counsel Claim

In ground 12(XI), Hill alleges that the cumulative effect of trial counsel's errors violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights (ECF No. 11, p. 55).[3] Respondents argue that this claim should be dismissed because it fails to state a claim for which habeas relief may be granted (ECF No. 15, pp. 4-6). A separate cumulative error claim for ineffective assistance of counsel is either noncognizable or duplicative of the underlying ineffective assistance claims. In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Accordingly, ground 12(XI) is dismissed.

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the

---

[3] Respondents refer to this as ground 21, but the court shall follow petitioner's numbering.

petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court concludes that grounds 1, 2, 3(a), 3(b), 4, 5, 6(a), 6(b), 6(c), 6(d), 6(e), 6(f), 6(g), 6(j), 7, 8(a), 8(b), 8(c), 9, 10(a), 10(b), 10(c), 10(d), 11, 12(a), and 12(b) are unexhausted. Grounds 6(f), 10(b), 10(c), and 10(d) are dismissed as vague and conclusory. Ground 12(XI) is dismissed as noncognizable. Grounds 12(II) through 12(IX) remain before the court (ECF No. 11, pp. 34-55).[4] Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

---

[4] While not crystal clear, the court follows the way in which Hill has numbered the grounds for relief in his federal petition. There is no ground 12(X).

7

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss certain grounds in the petition (ECF No. 15) is **GRANTED** as follows:

Grounds 1, 2, 3(a), 3(b), 4, 5, 6(a), 6(b), 6(c), 6(d), 6(e), 6(f), 6(g), 6(j), 7, 8(a), 8(b), 8(c), 9, 10(a), 10(b), 10(c), 10(d), 11, 12(a), and 12(b) are UNEXHAUSTED.

Grounds 6(f), 10(b), 10(c), and 10(d) and 12(XI) are **DISMISSED** as set forth in this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and

8

abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: September 24, 2018.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE