UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICKIE L. HILL,<br><br>　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　Respondents. | Case No. 3:14-cv-00680-RCJ-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner Rickie L. Hill's motion for stay and abeyance in accordance with *Rhines v. Weber* in order that he may exhaust all grounds of the petition (ECF No. 64), as well as several other motions. Respondents opposed the motion to stay (ECF No. 66), and Hill replied (ECF No. 69). As discussed below, the motion for stay is denied.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated September 24, 2018, this court granted respondents' motion to dismiss certain grounds in the petition and concluded that grounds 1, 2, 3(a), 3(b), 4, 5, 6(a), 6(b), 6(c), 6(d), 6(e), 6(g), 6(j), 7, 8(a), 8(b), 8(c), 9, 10(a), 11, 12(a), and 12(b) were unexhausted (ECF No. 62). Hill's purported motion for stay and abeyance is a one-page document that merely states that he seeks a stay and has shown good cause

2

(ECF No. 64). Hill does not elaborate whatsoever regarding good cause and does not argue that he has not engaged in intentionally dilatory tactics. He has presented no basis for this court to grant a stay, and the motion is denied.

Therefore, Hill now has two options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

    2.    He may submit a sworn declaration stating that he wishes to return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.

Next, Hill has filed a form motion to extend copy work (ECF No. 71). Respondents did not oppose or respond to the motion in any way. An inmate petitioner does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying"). Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 722 governs copying of legal documents by inmates, and provides, "[c]opies of legal documents requested by inmates may be made for a nominal fee." AR 722.01(7), available at http://www.doc.nv.gov. "Inmates can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." *Id*. A court may order a prison to provide additional photocopying when the prisoner demonstrates that an increase is necessary for an inmate to provide copies to the court and other parties. *See, e.g., Allen v. Clark County Detention Center*, 2011 WL 886343, at * 2 (D. Nev. March 11, 2011).

Hill does not describe his current, specific copywork needs. However, as this order directs him to file a declaration as discussed above, the motion for extension of copywork is granted. While Hill seeks $30.00, his copy work limit shall be increased by $10.00 (which should provide him with up to 100 copies).

Hill has also filed a motion to compel return of his reading glasses (ECF No. 70). Hill states that he was directed to turn in his broken reading glasses but complains of a

3

delay in receiving new glasses. First, this type of a claim is a 42 U.S.C. § 1983 civil rights claim regarding an alleged deliberate indifference by prison personnel to Hill's serious medical need. This is not a habeas claim. The court further notes that Hill's motion was docketed only about twelve days after he states that he turned in his broken glasses. He has not filed further motions in this action regarding his glasses, and the court suspects—and hopes—that this issue has been resolved. The motion is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to the surviving ground and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that petitioner's motion to extend copy work (ECF No. 71) is **GRANTED**. His copy work limit shall be increased by $10.00.

4

**IT IS FURTHER ORDERED** that the Clerk **shall send** a copy of this order extending copy work to the Chief of Inmate Services for NDOC (P.O. Box 7011, Carson City, NV 89702) so that the funds can be properly allocated.

**IT IS FURTHER ORDERED** that petitioner's first motion for a copy of the docket sheet (ECF No. 56) is **GRANTED**. The Clerk **shall send** to petitioner one copy of the docket sheet.

**IT IS FURTHER ORDERED** that petitioner's second motion for a copy of the docket sheet (ECF No. 65) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a surreply to the motion to dismiss (ECF No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for inquiry (ECF No. 68) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of respondents' exhibit 151 (ECF No. 67) is **GRANTED**. The Clerk **shall send** petitioner one copy of exhibit 151 (ECF No. 20-26).

**IT IS FURTHER ORDERED** that petitioner's motion to compel return of glasses (ECF No. 70) is **DENIED**.

DATED: 21 May 2019

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

5